Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCESIÓN DE RAMÓN LÓPEZ RODRÍGUEZ; Y OTROS<br><br>Apelante<br><br>v.<br><br>JOSÉ RAMÓN MORALES LÓPEZ<br><br>Apelado | KLAN202400870 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV00172<br><br>Sobre: Impugnación o Nulidad de Declaratoria de Herederos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

Comparecen la Sucesión de Ramón López Rodríguez, la Sucesión de Isabel López Rijos Castro compuesta por Regalado López Rijos y Yolanda López García (apelantes) y nos solicitan la revocación de una *Sentencia* notificada el 28 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario). El foro primario dictó la referida *Sentencia* por la vía sumaria, a favor de José Ramón Morales López (apelado o señor Morales López). En esta, le reconoció el justo título al apelado, por concepto de prescripción adquisitiva sobre un bien inmueble, sito en el municipio de Luquillo. En su consecuencia, declaró no ha lugar la causa instada y desestimó la demanda, promovida por los apelantes.

Por los fundamentos que exponemos, revocamos el dictamen apelado. Veamos.

**I.**

Isabel Rijos Castro y José Ramón López Rodríguez adquirieron una propiedad inmueble el 12 de abril de 1976, mediante *Escritura de Compraventa* otorgada ante el abogado notario, Carlos Nieves Rivera, que se describe a continuación:

> RUSTICA: Parcela de terreno marcada con el número 124 en el plano de parcelación de comunidad rural playa fortuna del barrio Mameyes del Municipio de Luquillo una cabida superficial de 1,343.21 m/c en lindes por el Norte con la calle 1 de la Comunidad por el Sur con la parcela número 122 de la Comunidad por el Este con la parcela número 125 de la Comunidad por el Oeste con las parcelas 12-B y 12-A de la misma comunidad.
>
> Catastro 092-071-008-04-998
>
> Esta propiedad está libre de cargas y de gravámenes y están enclavadas en la misma unas estructuras de hormigón y bloques destinadas a viviendas.[1]

Transcurrido más de dos décadas desde la muerte de ambos titulares, el Sr. Morales López logró inscribir el referido inmueble, a su nombre, como único titular, en el Registro de la Propiedad de Fajardo. Por entender que, la inscripción del inmueble, a favor del Sr. Morales López, fue mediante fraude, conducta ilegal y resultaba ser un fracaso a la justicia, Regalado López Rijos (Sr. López Rijos) y Yolanda López García (Sra. López García) en representación de ambas sucesiones (Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro), instaron la demanda de epígrafe en su contra. Como parte de los anejos a su demanda, incluyeron copia de las declaratorias de herederos (correspondientes a Ramón López Rodríguez e Isabel Rijos Castro) gestionadas por el apelado en el 2023, así como las declaratorias de herederos (notificadas por el TPI en el 1993 y 1996) correspondientes a los mismos causantes con distintos herederos instituidos. Suplicaron al foro judicial que, autorizara la expedición de un mandamiento al Registrador de la Propiedad, sección de Fajardo, para así ordenar la cancelación del

---

[1] Apéndice, pág. 16.

asiento de inscripción (5) de dominio de la referida finca. Además, solicitaron la expedición de otro mandamiento para ordenar al alguacil a comparecer a una firma de la escritura de segregación, participación y adjudicación del caudal relicto correspondiente a la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro.

Antes de acreditar su alegación responsiva, el apelado instó un petitorio dispositivo por falta de partes indispensables. A esos efectos, mediante *Moción de desestimación por falta de parte indispensable* suplicó al TPI desestimar la demanda presentada. A lo antes, se opusieron los apelantes por entender que su solicitud se limita a la cancelación de la inscripción en el Registro de la Propiedad y a la expedición de una orden para que un alguacil comparezca a nombre del Sr. Morales López a la otorgación de una Escritura de Partición. Atendidas las referidas mociones, el TPI se limitó a declarar no ha lugar la moción dispositiva presentada.[2]

Con posterioridad, el Sr. Morales López acreditó su contestación a la demanda. En esta, negó las alegaciones e indicó que, él es el dueño de la propiedad en controversia por herencia y/o por prescripción adquisitiva. Como parte de sus defensas afirmativas, sostuvo que, los apelantes no son los únicos herederos, por lo que no pueden representar a la Sucesión de Ramón López Rodríguez y a la Sucesión de Isabel Rijos Castro de forma exclusiva. Arguyó que, en ausencia de los demás herederos, faltan partes indispensables en el pleito, según presentado. Además, negó toda acusación de fraude y acto ilegal alguno. Expuso que, desde antes del 1994 la propiedad en controversia era propiedad de su madre, Lydia Esther López Rijos (hija de Ramón López Rodríguez e Isabel Rijos Castro), quien lo recibió como regalo de ellos. Sostuvo que,

---

[2] Entradas núm. 6, 9 y 10 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

todos los herederos conocían que, la dueña de la propiedad en disputa era su madre, Lydia Esther López Rijos. Indicó que, por muchos años se hizo cargo de su madre, arregló la casa y la continuó viviendo allí de forma pacífica e ininterrumpidamente por más de treinta años, por lo que, tras el fallecimiento de Lydia Esther López Rijos, el Sr. Morales López resulta como único dueño. Destacó que, los demandantes aceptan que hubo transacción y pago para transferir la propiedad a su madre y/o al Sr. Morales López. A su entender, la intención de los apelantes es hostigar e intimidarlo para sacarle dinero. Es de notar que, el apelado no presentó una reconvención, para encausar su reclamo de titularidad, sobre el referido bien inmueble, por prescripción adquisitiva o por herencia.

Así las cosas, el 24 de junio de 2024, los apelantes presentaron una solicitud de sentencia sumaria. En esta identificaron siete hechos incontrovertidos.[3] En particular destacaron que, la propiedad inmueble fue adquirida por los causantes Ramón López Rodríguez e Isabel Rijos Castro y permaneció la titularidad a nombre de ambos, hasta que el apelado presentó declaraciones de herederos fraudulentas ante el Registrador de la Propiedad. Indicaron que, el apelado presentó declaratorias de herederos de sus abuelos, donde el TPI reconoce a su madre Lydia Esther López Rijos como única heredera de Ramón López Rodríguez e Isabel Rijos Castro. Ello, cuando el apelado conoce que el matrimonio López Rijos procreó siete hijos incluyendo a Lydia Esther López Rijos. A esos efectos, los apelantes anejaron copia de otras declaratorias de herederos de los herederos forzosos

---

[3] Apéndice, págs. 25-48. Con su petitorio incluyeron los siguientes anejos: Anejo 1-Resolución emitida en el 12 de agosto de 1996 en el caso CD-96-0778; Anejo 2-Resolución emitida el 9 de febrero de 1996 en el caso CD-93-170; Anejo 3-Resolución emitida el 30 de junio de 2023 en el caso LU2023CV00136; Anejo 4-Certificación de Propiedad Inmueble emitida por el Departamento de Justicia, Registro Inmobiliario Digital; Anejo 5-Resolución emitida el 10 de julio de 2023 en el caso LU2023CV00137; Anejo 6-Resolución emitida el 10 de julio de 2023 en el caso LU2023CV00138; Anejo 7-Escritura Número 154 de Ratificación de Acta Aclaratoria.

y de los hijos fallecidos, previamente notificadas por el TPI. Basado en lo antes, reiteraron su solicitud de cancelación del asiento de inscripción (5) de dominio de la finca #6582 y la partición de herencia.

El apelado se opuso al petitorio sumario. En esencia, arguyó que, el TPI no ostenta jurisdicción sobre la causa porque no se había acumulado los demás integrantes de ambas sucesiones como partes indispensables. Expuso que, los apelantes incumplieron la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 36.3, y los hechos propuestos no están debidamente sustentados con la prueba documental anejada. En la alternativa, arguyó que, la moción de sentencia sumaria debería ser denegada porque la propiedad le pertenece al apelado por éste haberla adquirido por prescripción adquisitiva o por herencia. Asimismo, consignó 16 propuestas de hechos materiales adicionales, mediante las cuales indicó que, su madre (ya fallecida) y él, han vivido allí por más de 31 años de manera pública, pacífica e ininterrumpida en concepto de dueños.[4] Expuso que, era incontrovertible que su madre recibió la propiedad de sus padres por virtud de una donación que se materializó mediante un contrato verbal. Reiteró que, la propiedad fue donada por sus abuelos a su señora madre y los hermanos de ella cedieron su participación a favor de ésta.[5] En su consecuencia, sostuvo que, el único heredero forzoso con derecho sobre el caudal de Lydia López Rijos es el apelado, por lo que resulta ser el único titular. Para sustentar su postura, presentó su propia declaración

---

[4] Apéndice, págs. 49-101. A su escrito unió como anejos los siguientes: Anejo 1-Declaración Jurada suscrita por José R. Morales López; Anejo 2-Carta del 11 de abril de 2003 suscrita por Regalado López Rijos; Anejo 3-Carta del 11 de abril de 2003 suscrita por Gabriel López Rijos; Anejo 4-Carta del 11 de abril de 2003 suscrita por María López Rijos; Anejo 5-Carta del 11 de abril de 2003 suscrita por Carlota López Rijos; Anejo 6-Declaración Jurada suscrita por Norma Morales; Anejo 7-Fotos; Anejo 8-Certificación de instalación eléctrica del Colegio de Peritos Electricistas de Puerto Rico; Anejo 9-Recibo de pago y Estado de cuenta emitido por el Centro de Recaudación de Ingresos Municipales.
[5] Véase, *Réplica a la oposición de la solicitud de sentencia sumaria*. Entrada núm. 45 en el expediente electrónico SUMAC.

jurada, la declaración jurada de su hija y copia de cartas suscritas por distintos presuntos coherederos que no son partes en el pleito, así como fotos y otros documentos. En reacción los apelantes replicaron. Señalaron que, el apelado no controvirtió las propuestas de hechos incluidos en el petitorio sumario cursado con prueba concreta, ya que no cuenta con testimonios o evidencia que logre rebatir las declaratorias de herederos que sustentan los siete hechos incontrovertidos consignados.

Evaluado lo anterior, el TPI consignó los 16 hechos propuestos por el apelado. Basado en lo antes, concluyó que, el inmueble es la propiedad del demandado por usucapión ordinaria y extraordinaria. En su consecuencia, dictó sentencia sumaria, concediendo la titularidad del inmueble a favor del apelado, desestimó la causa instada por los apelantes y les impuso el pago de cosas, gastos y honorarios de abogado.

Insatisfechos, los apelantes acuden ante esta Curia en su único señalamiento y alegan lo siguiente:

> Err[ó] el Tribunal de Primera Instancia[,] Sala de Fajardo (TPI) al declara[r] la moción de sente[n]cia sumaria sin lugar y dictar sentencia a favor de la parte demandada apelada[.]

En cumplimiento con nuestra *Resolución* emitida el 30 de septiembre de 2024, el apelado fijó su postura mediante *Oposición a la Apelación*, por lo que, con el beneficio de la comparecencia de las partes procedemos a resolver.

## II.

### A. Sentencia Sumaria

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe controversia real y sustancial de un hecho material que requiera ventilarse en un juicio

plenario, por lo cual solo resta aplicar el derecho. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024; *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company,* 2023 TSPR 120, resuelto el 3 de octubre de 2023. Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues agiliza el proceso judicial, mientras simultáneamente provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Serrano Picón v. Multinational Life Ins.,* 212 DPR 981, 992 (2023). Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601, 610-611 (2023). De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa,

organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Véase, además, la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015). Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra.

Cabe destacar que, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.* A esos efectos, deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company,* supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v.*

*Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* supra. Por ello, nuestra revisión es una *de novo,* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Acevedo y otros v. Depto Hacienda y otros,* 212 DPR 335, 352 (2023).

**B. Jurisdicción y falta de parte indispensable**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

En lo pertinente al caso de autos, es importante señalar que, el defecto de parte indispensable es de carácter jurisdiccional. La Regla 16.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1 establece quiénes son parte indispensable, a saber: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]" *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros,* 2024 TSPR 112, resuelto el 21 de octubre de 2024. Entiéndase que, es indispensable aquella parte a quien se le violentaría su debido proceso de ley si se adjudica la controversia sin su presencia. *Pérez Ríos y otros v. Luma Energy, LLC,* 2023 TSPR 136, resuelto el 16 de noviembre de 2023; *Rivera Marrero v. Santiago Martínez,* 203 DPR 462 (2019).

Nótese que, la ausencia de jurisdicción no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; **obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso**, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra. [Énfasis nuestro].

Como se sabe, el propósito de la Regla 16.1, *supra*, es proteger a las personas, naturales o jurídicas, que no formen parte de un pleito, de los efectos que acarrea la sentencia dictada. *Pérez Ríos y otros v. Luma Energy, LLC*, supra. Al mismo tiempo, evita la multiplicidad de pleitos. *Íd.*[6] Sobre el particular, nuestro más Alto Foro ha resuelto que, la falta de parte indispensable constituye una defensa irrenunciable, susceptible de invocarse en cualquier etapa de los procedimientos. *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros,* supra. Lo anterior, debido a que, el efecto de no traer a una parte indispensable redunda en una violación a su debido proceso de ley. *Íd.* Por tanto, la ausencia de parte indispensable es un fundamento para dejar sin efecto una sentencia por nulidad. *Íd.* Ello, con el efecto de dejar sin jurisdicción al tribunal para resolver la controversia en ausencia de una parte indispensable. *Pérez Ríos y otros v. Luma Energy, LLC,* supra.

### III.

Al entender sobre la presente causa colegimos que, en primer lugar, la controversia medular se centra sobre la presunta falta de legitimación activa de Regalado López Rijos y Yolanda López García

---

[6] Véase, además, *FCPR v. ELA et al.,* 211 DPR 521 (2023).

para incoar una solicitud de nulidad de inscripción de un asiento de dominio en el Registrador de la Propiedad y una solicitud de partición de herencia en representación de dos sucesiones, sin acumular a los demás herederos con interés. A pesar de lo antes, el foro primario entretuvo la acción principal instada para luego dictar sentencia por la vía sumaria, a favor del apelado con el fin de reconocerle el justo título sobre el bien inmueble en controversia por prescripción adquisitiva, sin ordenar la acumulación de los demás presuntos herederos.  Para arribar a tal conclusión, el TPI no expuso fundamentos sobre la controversia sobre la falta de acumulación de los demás presuntos herederos, tanto para disponer de la demanda principal o para justipreciar la alegación de prescripción adquisitiva, puesta como defensa afirmativa y/o como una solicitud alterna para resolver la controversia en los méritos. Lo antes, sin considerar que el apelado no incoó propiamente una reconvención.

Ahora bien, conforme nos exige la normativa antes expuesta y en particular lo resuelto en *Roldán Flores v. M. Cuebas et al*, supra, a la pág. 679, nos compete determinar *de novo*, la procedencia de los petitorios sumarios. Al examinar la moción instada por los apelantes surge que, dicha parte propuso 7 hechos incontrovertidos con referencias a varias resoluciones sobre declaratorias de herederos, entre otros documentos. Dividió los hechos incontrovertidos por temas con referencia particular a los distintos anejos enumerados. Observamos que, mediante la oposición, el apelado hizo referencia a la mayoría de las propuestas de forma enumerada y agrupó sus objeciones con referencias a distintos anejos. En particular, reiteró su reclamo sobre la falta de partes indispensables y negó la veracidad del contenido de las declaratorias de herederos presentadas por los apelantes, así como su autenticidad. A esos efectos, expuso que, en este caso no se había realizado descubrimiento de prueba.  A su vez y en el mismo escrito,

el apelado instó su propio petitorio sumario en el cual incluyó 16 propuestas de hechos fundamentado en su declaración jurada, la declaración jurada de su hija, copia de facturas, así como copias de cartas de otros presuntos herederos que, -a pesar de argumentar que faltaban como partes indispensables- tampoco los incluyó en el litigio. Observamos que, el apelado no hizo referencia a las declaratorias de herederos notificadas por el TPI en el 2023, mediante la cual, el foro primario declaró a su madre Lydia Esther López Rijos como única heredera de Ramon López Rodríguez y de Isabel Rijos Castro. Tampoco hizo referencia a las declaratorias de herederos emitidas por el TPI en el 1993 y 1996, mediante la cual el foro primario declaró a los siete hijos, como herederos forzosos de Ramon López Rodríguez y de Isabel Rijos Castro.

Al examinar el tema particular sobre el cumplimiento de formalidades en la moción de sentencia sumaria, el TPI dictaminó que, los apelantes no identificaron con especificidad las páginas y párrafos que apoyaban sus propuestas de hechos. De otra parte, no surge una determinación fehaciente, sobre si el apelado cumplió o no con las formalidades requeridas por la Regla 36. 3, *supra.* De esta forma, el TPI descartó la totalidad de la solicitud de sentencia sumaria interpuesta por los apelantes y procedió a adjudicar el petitorio del apelado a su favor, sin considerar los asuntos de índole jurisdiccional, así como las diferentes declaratorias de herederos presentados que demuestran sucesiones contradictorias entre sí. Incidió en su proceder.

En primer lugar, tras examinar *de novo* las mociones presentadas, observamos -distinto al foro primario- que ambas partes cumplieron sustancialmente con las formalidades exigidas por la Regla 36.3, *supra.* Ahora bien, ambas partes también incluyeron como hechos lo que podrían considerarse como conclusiones de derecho y argumentos en aras de adelantar sus

respectivas teorías del caso y controversia. No obstante, lo anterior, colegimos que, las partes cumplieron sustancialmente con los requerimientos de la Regla 36, *supra,* y la jurisprudencia aplicable, por lo que la falta de especificidad e inclusión de conclusiones de derecho, no imposibilitan la continuación del escrutinio sobre la alegada falta de partes indispensables reiterada por el apelado y si existen hechos materiales en controversia que impidan resolver este caso por la vía sumaria.

Como parte de nuestro análisis sosegado de la causa, notamos que, en lugar de atender el argumento nuevamente esbozado por el propio apelado sobre la falta de partes indispensables en este caso, el TPI se circunscribió a dar por admitidos todas las propuestas de hechos presentadas por el apelado, basado en prueba documental previamente objetada por los apelantes en la demanda y la presunta falta de oposición al petitorio del apelado. El foro primario descartó la moción de los apelantes y procedió a admitir todas las propuestas del apelado. Ello, sin tomar en consideración <u>la totalidad del expediente</u> donde obran distintas resoluciones emitidas y notificadas por el foro judicial sobre las declaratorias de herederos correspondientes a los mismos causantes que, resultan contradictorias entre sí.

De un análisis sosegado del dictamen recurrido, consideramos que, el foro primario, de forma interlocutoria y luego por la vía sumaria determinó erroneamente que, los demás herederos no resultaban indispensables porque el bien inmueble en controversia fue transferido mediante contrato verbal de los causantes a Lydia Esther López Rijos, por lo que no hay un caudal para reconocer. En su dictamen resalta que, "aun asumiendo que el Sr. Morales no hubiera heredado la Propiedad, éste la hubiera adquirido por prescripción adquisitiva." Lo antes, sin acumular a los

presuntos herederos con interés, según fue solicitado y reiterado por el propio apelado en distintas etapas de los procedimientos.

Añádase a ello que, a pesar de que el demandado no presentó una acción mediante reconvención, el TPI accedió a entretener dicha causa de acción expuesta en la oposición a la sumaria, para reconocerle un derecho propietario al apelado, sin que se acumularan los demás herederos que el propio apelado reconoció como necesarios para dilucidar el caso y la controversia.

A pesar de este cuadro fáctico, el TPI no ordenó la acumulación de los demás herederos, en lo que se dilucidara las controversias de hechos y derecho. El foro primario debió reconocer que, existen presuntos herederos cuyos intereses podrían verse afectado por el dictamen emitido. Por ende, y como hemos discutido anteriormente, una sentencia dictada sin la comparecencia de una parte indispensable es nula y no surte efecto alguno.

Ahora bien, como también explicamos anteriormente, a pesar de que la omisión de una parte indispensable es suficiente motivo para desestimar un pleito, esto no impide que el Tribunal conceda la oportunidad de traer al pleito a la parte que fue originalmente omitida. *Deliz et als v. Iguarta et als*, supra. Precisamos que, conforme la normativa antes expuesta, a esta Curia le corresponde evaluar, como un asunto de umbral, los asuntos atinentes a nuestra jurisdicción, así como la jurisdicción del foro apelado. Por ello concluimos que, en aras de garantizar un amplio acceso a la justicia, procede revocar el dictamen apelado, devolver el asunto ante el foro recurrido para que se tenga la oportunidad de acumular todos los integrantes de ambas sucesiones.

Por último, debemos referirnos a los asuntos traídos por las partes sobre la suficiencia de las diferentes declaratorias de herederos presentadas en este caso. Resulta evidente que, en autos obran declaratorias de herederos sobre los mismos causantes con

diferentes personas reconocidas e instituidas como herederos forzosos con posibles reclamos sobre los bienes hereditarios. En esta etapa de los procesos colegimos que, resulta necesaria nuestra intervención, en aras de garantizar un verdadero acceso a la justicia y un debido proceso de ley. Por ello, lo antes reseñado amerita ser atendido por el foro recurrido, una vez se acumulen las partes indispensables, antes indicadas. Lo antes, no prejuzga la adjudicación de posibles controversias y determinaciones del TPI de índole jurisdiccional o de cualquier asunto dentro de su sana discreción.

**IV.**

Por los fundamentos antes expuestos, revocamos el dictamen recurrido, y devolvemos el caso de autos al foro recurrido, para que proceda conforme lo aquí expuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones